1   David M. Lisi (SBN 154926)
    lisid@howrey.com
2   HOWREY LLP
    1950 University Avenue, 4th Floor
3   East Palo Alto, California 94303
    Telephone:  (650) 798-3500
4   Facsimile:  (650) 798-3600

5   Isabelle M. Carrillo (SBN 199867)
    carrilloi@howrey.com
6   HOWREY LLP
    4 Park Plaza, Suite 1700
7   Irvine, California  92614
    Telephone:  (949) 721-6900
8   Facsimile:  (949) 721-6910

9   Attorneys for Defendant Ultimate Ears, LLC

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13                    **SOUTHERN DIVISION**

14  JERRY HARVEY, JR., an individual,        ) Case No. 8:09-cv-00668-DOC (MLG)
                                             )
15              Plaintiff,                   ) **DEFENDANT ULTIMATE EARS,**
                                             ) **LLC'S ANSWER TO COMPLAINT**
16      vs.                                  )
                                             )
17  ULTIMATE EARS, LLC, a California         ) [Counter-Complaint filed concurrently
    limited-liability company; UE            ) herewith]
18  INVESTMENT, LLC, a California            )
    limited-liability company; INNOVATE      )
19  PARTNERS, INC., a California             )
    corporation; UE TWO, LLC, a California   )
20  limited-liability company; ROBERT G.     )
    ALLISON, an individual,                  )
21                                           )
                Defendants.                  )
22  ─────────────────────────────────────── )

23

24

25

26

27

28

Defendant, Ultimate Ears LLC ("UE LLC"), by and through its attorneys, answers the Complaint of Plaintiff Jerry Harvey ("Plaintiff" or "Harvey"). To the extent not specifically admitted, each and every allegation in the Complaint is denied. Section titles matching those in the Complaint are included for reference only, and do not constitute an admission.

## NATURE OF ACTION

1.    Answering Paragraph 1, UE LLC admits that Harvey purports to bring this action for: alleged breach of fiduciary duty under California law against Robert Allison, UE Investment, LLC ("UE Investment"), and Innovative Partners, Inc. ("Innovate"); alleged fraudulent inducement under California law against Mr. Allison, UE LLC, UE Investment, UE Two, LLC ("UE Two"), and Innovate; alleged breach of operating agreement under California law against Mr. Allison and UE LLC; alleged federal securities law violations against Mr. Allison, UE LLC, UE Investment, Innovate, and UE Two; alleged violations of California Corporations Code sections 25400 and 25500 against UE LLC, UE Investment, Innovate, UE Two, and Mr. Allison; alleged violation of California Corporations Code sections 25401 and 25501 against UE LLC, UE Investment, Innovate, UE Two, and Mr. Allison; alleged breach of the covenant of good faith and fair dealing under California law against Mr. Allison, UE Investment, and UE LLC; and alleged violation of the Racketeering Influenced and Corrupt Organizations Act, 18 United States Code section 1963, against Mr. Allison, UE LLC, UE Investment, UE Two, and Innovate. The allegations in Paragraph 1 also contain legal conclusions to which no response is required. UE LLC otherwise denies the allegations of Paragraph 1.

## **PARTIES**

2.     Answering Paragraph 2, UE LLC lack sufficient knowledge or information on which to form a belief about the truth of the allegations in Paragraph 2, and on that basis, denies them.

3.     Answering Paragraph 3, UE LLC admits the allegations of Paragraph 3.

4.     Answering Paragraph 4, UE LLC lacks sufficient knowledge or information on which to form a belief about the truth of the allegations of Paragraph 4, and on that basis, denies them.

5.     Answering Paragraph 5, UE LLC admits that UE Investment was, for some period of time, a manager of UE LLC.  UE LLC otherwise denies the allegations of Paragraph 5.

6.     Answering Paragraph 6, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 6, and on that basis, denies them.

7.     Answering Paragraph 7, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 7, and on that basis, denies them.

8.     Answering Paragraph 8, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 8, and on that basis, denies them.

9.     Answering Paragraph 9, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 9, and on that basis, denies them.

10.     Answering Paragraph 10, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 10, and on that basis, denies them.

11.     Answering Paragraph 11, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 11, and on that basis, denies them.

## JURISDICTION

12.     Answering Paragraph 12, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC refers to the Order of the United States District Court for the District of Nevada, dated May 29, 2009, conferring jurisdiction on this Court.  UE LLC otherwise denies the allegations of Paragraph 12.

13.     Answering Paragraph 13, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC refers to the Order of the United States District Court for the District of Nevada, dated May 29, 2009, conferring jurisdiction on this Court.  UE LLC otherwise denies the allegations of Paragraph 13.

14.     Answering Paragraph 14, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC refers to the Order of the United States District Court for the District of Nevada, dated May 29, 2009, conferring jurisdiction on this Court.  UE LLC otherwise denies the allegations of Paragraph 14.

15     Answering Paragraph 15, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC refers to the Order of the United States District Court for the District of Nevada, dated May 29, 2009, conferring jurisdiction on this Court.  UE LLC otherwise denies the allegations of Paragraph 15.

16.     Answering Paragraph 16, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC refers to the Order of the United States District Court for the District of Nevada, dated May 29,

2009, conferring jurisdiction on this Court.  UE LLC otherwise denies the allegations of Paragraph 16.

17.    Answering Paragraph 17, UE LLC admits that it entered into the September 11, 2007 Stock Purchase Agreement ("SPA").  UE LLC further avers that the SPA speaks for itself and denies Harvey's attempt to characterize its terms.  UE LLC also avers that Paragraph 17 contains legal conclusions to which no response is required.  To the extent a response is required to any of the remaining allegations in Paragraph 17, UE LLC denies them.

18.    Answering Paragraph 18, UE LLC avers that the SPA speaks for itself and denies Harvey's attempt to characterize its terms.  UE LLC also avers that Paragraph 18 contains legal conclusions to which no response is required.  To the extent a response is required to any of the remaining allegations in Paragraph 18, UE LLC denies them.

19.    Answering Paragraph 19, UE LLC avers that the SPA speaks for itself and denies Harvey's attempt to characterize its terms.  UE LLC also avers that Paragraph 19 contains legal conclusions to which no response is required.  To the extent a response is required to any of the remaining allegations in Paragraph 19, UE LLC denies them.

20.    Answering Paragraph 20, UE LLC admits that it assigned its rights and obligations under the SPA to UE Two on October 11, 2007.  UE LLC further avers that the SPA speaks for itself and denies Harvey's attempt to characterize its terms.  UE LLC also avers that Paragraph 20 contains legal conclusions to which no response is required.  To the extent a response is required to any of the remaining allegations in Paragraph 20, UE LLC denies them.

21.    Answering Paragraph 21, UE LLC avers that the SPA speaks for itself and denies Harvey's attempt to characterize its terms.  UE LLC also avers that Paragraph 21 contains legal conclusions to which no response is required.  To the extent a response is required to any of the remaining allegations in Paragraph 21, UE LLC denies them.

1

## VENUE

2    22.    Answering Paragraph 22, UE LLC avers that it contains legal conclusions

3  to which no response is required.  To the extent a response is required, UE LLC refers to

4  the Order of the United States District Court for the District of Nevada, dated May 29,

5  2009, conferring jurisdiction on this Court.  UE LLC otherwise denies the allegations of

6  Paragraph 22.

7    23.    Answering Paragraph 23, UE LLC avers that the SPA speaks for itself and

8  denies Harvey's attempt to characterize its terms.  UE LLC further avers that

9  Paragraph 23 contains legal conclusions to which no response is required.  To the extent

10  a response is required, UE LLC refers to the Order of the United States District Court

11  for the District of Nevada, dated May 29, 2009, conferring jurisdiction on this Court.

12  UE LLC otherwise denies the allegations of Paragraph 23.

13    ## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14    24.    Answering Paragraph 24, UE LLC admits that Harvey is a sound engineer

15  who has been involved in the design and engineering of certain in ear monitors

16  ("IEMs") for professional musicians and other consumers.  UE LLC otherwise denies

17  the allegations of Paragraph 24.

18    25.    Answering Paragraph 25, UE LLC admits that Harvey is a sound engineer

19  who has been involved in the design and engineering of certain custom IEMs for

20  professional musicians.  UE LLC otherwise lacks sufficient knowledge or information

21  to form a belief about the truth of the allegations in Paragraph 25, and on that basis,

22  denies them.

23    26.    Answering Paragraph 26, UE LLC admits that Harvey and his ex-wife,

24  Melinda Harvey, co-founded Ultimate Ears, Inc. ("UE Inc.").  UE LLC further admits

25  that UE Inc. was a corporation organized under the laws of Nevada.  UE LLC also

26  admits that, prior to January 10, 2005, UE Inc. marketed and sold IEMs.  UE LLC

27  otherwise denies the allegations of Paragraph 26.

28

27.     Answering Paragraph 27, UE LLC admits that Harvey, at some time, held a 50% interest in UE Inc.  UE LLC otherwise denies the allegations of Paragraph 27.

28.     Answering Paragraph 28, UE LLC admits that, on or around January 10, 2005, UE Inc. and Innovate, through UE Investment, entered into an Operating Agreement and formed UE LLC.  UE LLC further admits that, on or around January 10, 2005, UE LLC, UE Investment, and UE Inc. entered into a Membership Interest Purchase Agreement ("MIPA"), pursuant to which UE Inc. contributed its assets, including, without limitation, all of its patent and intellectual property rights, to UE LLC, in exchange for a 66.66% interest in UE LLC.  UE LLC otherwise denies the allegations of Paragraph 28.

29.     Answering Paragraph 29, UE LLC admits that, on or around January 10, 2005, UE Investment contributed $500,000 in cash and extended a $250,000 line of credit to UE LLC in exchange for a 33.33% interest in UE LLC.  UE LLC otherwise denies the allegations of Paragraph 29.

30.     Answering Paragraph 30, UE LLC admits that, on or around January 10, 2005, UE Inc. and Innovate, through UE Investment, entered into the Ultimate Ears, LLC Limited Liability Company Operating Agreement (the "Operating Agreement") UE LLC otherwise denies the allegations of Paragraph 30.

31.     Answering Paragraph 31, UE LLC admits that Harvey was a manager of UE LLC for some period of time.  UE LLC further avers that the Operating Agreement speaks for itself and denies Harvey's attempts to characterize its terms.  UE LLC otherwise denies the allegations of Paragraph 31.

32.     Answering Paragraph 32, UE LLC avers that the Operating Agreement speaks for itself and denies Harvey's attempt to characterize its terms.  To the extent a response is required to any of the remaining allegations in Paragraph 32, UE LLC denies the allegations of Paragraph 32.

33.     Answering Paragraph 33, UE LLC admits that UE LLC's business consists of, among other things, developing, marketing, and selling custom and consumer IEMs.

UE LLC further admits that Harvey was, for some period of time, involved in the design and engineering of IEMs for UE LLC.  UE LLC otherwise denies the allegations of Paragraph 33.

34.    Answering Paragraph 34, UE LLC admits that Allison held the title of Chief Executive Officer of UE LLC for some period of time.  UE LLC otherwise denies the allegations of Paragraph 34.

35.    Answering Paragraph 35, UE LLC admits that Harvey held the title of Chief Technology Officer of UE LLC for some period of time.  UE LLC otherwise denies the allegations of Paragraph 35.

36.    Answering Paragraph 36, UE LLC admits that Mr. Allison held the title of Chief Financial Officer of UE LLC for some period of time.  UE LLC further avers that the Operating Agreement speaks for itself and denies Harvey's attempt to characterize its terms.  UE LLC otherwise denies the allegations of Paragraph 26.

37.    Answering Paragraph 37, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 37, and on that basis, denies them.

38.    Answering Paragraph 38, UE LLC avers that the Operating Agreement speaks for itself and denies Harvey's attempts to characterize its terms.  UE LLC otherwise denies the allegations of Paragraph 38.

39.    Answering Paragraph 39, UE LLC admits the allegations of Paragraph 39.

40.    Answering Paragraph 40, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 40, and on that basis, denies them.

41.    Answering Paragraph 41, UE LLC admits that, in approximately June 2005, UE LLC borrowed the full $250,000 from the line of credit provided by UE Investment under the Operating Agreement to provide UE LLC operating capital (the "June 2005 Loan").  UE LLC otherwise denies the allegations of Paragraph 41.

42.     Answering Paragraph 42, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 42, and on that basis, denies them.

43.     Answering Paragraph 43, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 43, and on that basis, denies them.

44.     Answering Paragraph 44, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 44, and on that basis, denies them.

45.     Answering Paragraph 45, UE LLC admits that Harvey communicated with Paul Manfrini at some time in 2006 and/or 2007.  UE LLC otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 45, and on that basis, denies them.

46.     Answering Paragraph 46, UE LLC admits that Harvey requested distributions in 2007.  UE LLC otherwise denies the allegations of Paragraph 46.

47.     Answering Paragraph 47, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 47, and on that basis, denies them.

48.     Answering Paragraph 48, UE LLC admits that UE LLC distributed $67,607 to Harvey in 2007.  UE LLC otherwise denies the allegations of Paragraph 48.

49.     Answering Paragraph 49, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 49, and on that basis, denies them.

50.     Answering Paragraph 50, UE LLC admits that Harvey asked Mr. Allison for a distribution from UE LLC in or around February 2007.  UE LLC otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 50, and on that basis, denies them.

51.     Answering Paragraph 51, UE LLC admits that Harvey asked Mr. Allison for a distribution in or around March 2007.  UE LLC further admits that, in response to Harvey's request, Mr. Allison offered to purchase some of Harvey's interest in UE Inc. at a rate of $60,000 per 1%.  UE LLC otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 51, and on that basis, denies them.

52.     Answering Paragraph 52, UE LLC admits that Harvey asked Mr. Allison for a distribution in or around March 2007.  UE LLC otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 52, and on that basis, denies them.

53.     Answering Paragraph 53, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 53, and on that basis, denies them.

54.     Answering Paragraph 54, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 54, and on that basis, denies them.

55.     Answering Paragraph 55, UE LLC admits that Mr. Allison told Harvey, in or around April 2007, that most potential investors would value the company at six-to-eight times current cash flow, which, at that time, equated to around $6.5 million, on the high-side, but that Mr. Allison believed UE LLC was worth significantly more than what an investor would be willing to pay at that time.  UE LLC otherwise denies the allegations of Paragraph 55.

56.     Answering Paragraph 56, UE LLC denies denies the allegations of Paragraph 56.

57.     Answering Paragraph 57, UE LLC admits that, as of June 30, 2007, UE LLC had not repaid the June 2005 Loan.  UE LLC otherwise denies the allegations of Paragraph 57.

58.     Answering Paragraph 58, UE LLC admits that the dilution mechanism of the Operating Agreement was triggered.  UE LLC otherwise denies the allegations of Paragraph 58.

59.     Answering Paragraph 59, UE LLC admits that the dilution mechanism of the Operating Agreement provided that UE Inc.'s interest in UE LLC would be diluted by 6% if the June 2005 Loan was not repaid.  UE LLC otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 59, and on that basis, denies them.

60.     Answering Paragraph 60, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 60, and on that basis, denies them.

61.     Answering Paragraph 61, UE LLC admits that, on September 11, 2007, UE LLC, UE Inc., and Harvey entered into the SPA, pursuant to which Harvey transferred his entire interest in UE Inc. to UE LLC for $2.4 million in cash.  UE LLC otherwise denies the allegations of Paragraph 61.

62.     Answering Paragraph 62, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 62, and on that basis, denies them.

63.     Answering Paragraph 63, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 63.

64.     Answering Paragraph 64, UE LLC admits that, on or about October 11, 2007, UE LLC assigned its "Purchaser" rights and obligations under the SPA to UE Two.  UE LLC otherwise denies the allegations of Paragraph 64.

65.     Answering Paragraph 65, UE LLC admits the allegations of Paragraph 65.

66.     Answering Paragraph 66, UE LLC denies the allegations of Paragraph 66.

67.     Answering Paragraph 67, UE LLC admits that on August 14, 2008, UE Acquisition, Inc. ("UE Acquisition"), a wholly-owned subsidiary of Logitech, Inc., and

UE Two, Ms. Harvey, the M. Harvey 2008-1 Charitable Remainder Trust, and UE Investment, among others, entered into an agreement pursuant to which UE Acquisition acquired all of the outstanding shares of UE LLC and UE Inc., including the shares Harvey transferred to UE Two.  UE LLC further admits that UE Acquisition paid $34 million for the acquisition.  UE LLC otherwise denies the allegations of Paragraph 67.

68.     Answering Paragraph 68, UE LLC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 68, and on that basis, denies them.

## FIRST CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

**(Under California Law; Against Mr. Allison, UE Investment, and Innovate)**

69.     Answering Paragraph 69, UE LLC incorporates each and every response above as if fully set forth herein.  Paragraph 69 contains no substantive allegations of its own and therefore no response is required.

70.     Answering Paragraph 70, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 70.

71.     Answering Paragraph 71, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 71.

72.     Answering Paragraph 72, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 72.

73.     Answering Paragraph 73, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 73.

74.    Answering Paragraph 74, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 74.

75.    Answering Paragraph 75, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 75.

76.    Answering Paragraph 76, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 76.

77.    Answering Paragraph 77, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 77.

78.    Answering Paragraph 78, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 78.

79.    Answering Paragraph 79, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 79.

80.    Answering Paragraph 80, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 80.

81.    Answering Paragraph 81, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 81.

82.    Answering Paragraph 82, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 82.

83. Answering Paragraph 83, UE LLC avers that it contains legal conclusions to which no response is required. To the extent a response is required, UE LLC denies the allegations of Paragraph 83.

84. Answering Paragraph 84, UE LLC avers that it contains legal conclusions to which no response is required. To the extent a response is required, UE LLC denies the allegations of Paragraph 84.

85. Answering Paragraph 85, UE LLC avers that it contains legal conclusions to which no response is required. To the extent a response is required, UE LLC denies the allegations of Paragraph 85.

86. Answering Paragraph 86, UE LLC avers that it contains legal conclusions to which no response is required. To the extent a response is required, UE LLC denies the allegations of Paragraph 86.

## SECOND CAUSE OF ACTION

## FRAUDULENT INDUCEMENT

**(Under California Law; Against Mr. Allison; UE LLC; UE Investment; UE Two; and Innovate)**

87. Answering Paragraph 87, UE LLC incorporates each and every response above as if fully set forth herein. Paragraph 87 contains no substantive allegations of its own and therefore no response is required.

88. Answering Paragraph 88, UE LLC denies the allegations of Paragraph 88.

89. Answering Paragraph 89, UE LLC denies the allegations of Paragraph 89.

90. Answering Paragraph 90, UE LLC denies the allegations of Paragraph 90.

91. Answering Paragraph 91, UE LLC denies the allegations of Paragraph 91.

92. Answering Paragraph 92, UE LLC denies the allegations of Paragraph 92.

93. Answering Paragraph 93, UE LLC denies the allegations of Paragraph 93.

94. Answering Paragraph 94, UE LLC avers that it contains legal conclusions to which no response is required. To the extent a response is required, UE LLC denies the allegations of Paragraph 94.

95.     Answering Paragraph 95, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 95.

96.     Answering Paragraph 96, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 96.

97.     Answering Paragraph 97, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 97.

## THIRD CAUSE OF ACTION

## BREACH OF OPERATING AGREEMENT

### (Under California Law; Against UE LLC and Mr. Allison)

98.     Answering Paragraph 98, UE LLC incorporates each and every response above as if fully set forth herein.  Paragraph 98 contains no substantive allegations of its own and therefore no response is required.

99.     Answering Paragraph 99, UE LLC avers that the Operating Agreement speaks for itself and denies Harvey's attempt to characterize its terms.  To the extent a response is required, UE LLC denies the allegations of Paragraph 99.

100.    Answering Paragraph 100, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 100.

101.    Answering Paragraph 101, UE LLC denies the allegations of Paragraph 101.

102.    Answering Paragraph 102, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 102.

103.   Answering Paragraph 103, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 103.

104.   Answering Paragraph 104, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 104.

## FOURTH CAUSE OF ACTION

### FEDERAL SECURITIES LAW VIOLATIONS UNDER 17 C.F.R.

**(Against Mr. Allison, UE LLC, UE Investment, Innovate, and UE Two)**

105.   Answering Paragraph 105, UE LLC incorporates each and every response above as if fully set forth herein.  Paragraph 105 contains no substantive allegations of its own and therefore no response is required.

106.   Answering Paragraph 106, UE LLC denies the allegations of Paragraph 106.

107.   Answering Paragraph 107, UE LLC denies the allegations of Paragraph 107.

108.   Answering Paragraph 108, UE LLC denies the allegations of Paragraph 108.

109.   Answering Paragraph 109, UE LLC denies the allegations of Paragraph 109.

110.   Answering Paragraph 110, UE LLC denies the allegations of Paragraph 110.

111.   Answering Paragraph 111, UE LLC denies the allegations of Paragraph 111.

112.   Answering Paragraph 112, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 112.

113.   Answering Paragraph 113, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 113.

114.   Answering Paragraph 114, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 114.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA CORPORATE SECURITIES ACT,**

**CALIFORNIA CORPORATIONS CODE SECTIONS 25400 AND 25500**

**(Under California Law; Against UE LLC, UE Investment, Innovate, UE Two, and Mr. Allison)**

115.   Answering Paragraph 115, UE LLC incorporates each and every response above as if fully set forth herein.  Paragraph 115 contains no substantive allegations of its own and therefore no response is required.

116.   Answering Paragraph 116, UE LLC denies the allegations of Paragraph 116.

117.   Answering Paragraph 117, UE LLC denies the allegations of Paragraph 117.

118.   Answering Paragraph 118, UE LLC denies the allegations of Paragraph 118.

119.   Answering Paragraph 119, UE LLC denies the allegations of Paragraph 119.

120.   Answering Paragraph 120, UE LLC denies the allegations of Paragraph 120.

121.   Answering Paragraph 121, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 121.

122.   Answering Paragraph 122, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 122.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA CORPORATE SECURITIES ACT,**

**CALIFORNIA CORPORATIONS CODE SECTIONS 25401 AND 25501**

**(Under California Law; Against UE LLC, UE Investment, Innovate, UE Two, and**

**Mr. Allison)**

123.   Answering Paragraph 123, UE LLC incorporates each and every response above as if fully set forth herein.  Paragraph 123 contains no substantive allegations of its own and therefore no response is required.

124.   Answering Paragraph 124, UE LLC denies the allegations of Paragraph 124.

125.   Answering Paragraph 125, UE LLC denies the allegations of Paragraph 125.

126.   Answering Paragraph 126, UE LLC denies the allegations of Paragraph 126.

127.   Answering Paragraph 127, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 127.

128.   Answering Paragraph 128, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 128.

129.   Answering Paragraph 129, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 129.

## SEVENTH CAUSE OF ACTION

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

### (Under California Law; Against Mr. Allison, UE Investment, and UE LLC)

130.   Answering Paragraph 130, UE LLC incorporates each and every response above as if fully set forth herein.  Paragraph 130 contains no substantive allegations of its own and therefore no response is required.

131.   Answering Paragraph 131, UE LLC avers that the Operating Agreement speaks for itself and denies Harvey's attempt to characterize its terms.  UE LLC further avers that Paragraph 131 contains legal conclusions to which no response is required. To the extent a response is required, UE LLC denies the allegations of Paragraph 131.

132.   Answering Paragraph 132, UE LLC denies the allegations of Paragraph 132.

133.   Answering Paragraph 133, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 133.

134.   Answering Paragraph 134, UE LLC denies the allegations of Paragraph 134.

135.   Answering Paragraph 135, UE LLC denies the allegations of Paragraph 135.

136.   Answering Paragraph 136, UE LLC denies the allegations of Paragraph 136.

137.   Answering Paragraph 137, UE LLC denies the allegations of Paragraph 137.

138.   Answering Paragraph 138, UE LLC denies the allegations of Paragraph 138.

139.   Answering Paragraph 139, UE LLC denies the allegations of Paragraph 139.

140.   Answering Paragraph 140, UE LLC denies the allegations of Paragraph 140.

141.   Answering Paragraph 141, UE LLC denies the allegations of Paragraph 141.

142.   Answering Paragraph 142, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 142.

143.   Answering Paragraph 143, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 143.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 UNITED STATES CODE SECTION 1963

### (Against Mr. Allison, UE LLC, UE Investment, and Innovate)

144.   Answering Paragraph 144, UE LLC incorporates each and every response above as if fully set forth herein.  Paragraph 144 contains no substantive allegations of its own and therefore no response is required.

145.   Answering Paragraph 145, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 145.

146.   Answering Paragraph 146, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 146.

147.   Answering Paragraph 147, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 147.

148.    Answering Paragraph 148, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 148.

149.    Answering Paragraph 149, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 149.

150.    Answering Paragraph 150, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 150.

151.    Answering Paragraph 151, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 151.

152.    Answering Paragraph 152, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 152.

153.    Answering Paragraph 153, UE LLC avers that it contains legal conclusions to which no response is required.  To the extent a response is required, UE LLC denies the allegations of Paragraph 153.

Answering the Prayer for Relief, UE LLC, to the extent a response is required, denies Harvey is entitled to judgment or any relief whatsoever.

## AFFIRMATIVE DEFENSES

UE LLC alleges the following separate and affirmative defenses to the Complaint, and in doing so, does not assume any burden(s) of proof, persuasion, or production on such defenses where such burden(s) otherwise would fall on Harvey.

### First Affirmative Defense

### (Failure to State a Claim)

155.    The Complaint, and each of cause of action therein, fails to state a claim against UE LLC upon which relief can be granted.

**Second Affirmative Defense**

**(Failure to Join an Indispensable Party)**

156.    Harvey's claim for rescission of the SPA is barred because Harvey failed to join a necessary and indispensable party.

**Third Affirmative Defense**

**(Equitable Defenses)**

157.    Harvey's claims against UE LLC are barred by the equitable defenses of laches, unclean hands, *in pari delicto*, waiver, and/or estoppel.

**Fourth Affirmative Defense**

**(Comparative Fault)**

158.    Harvey's alleged damages resulted, in whole or in part, from his own actions, and any damages recovered by Harvey should be reduced accordingly.

**Fifth Affirmative Defense**

**(Apportionment)**

159.    Without admitting that Harvey suffered damages in any amount, or that UE LLC is or should be held liable for any such damages, UE LLC asserts that liability should be apportioned according to the relative degrees of fault of the parties involved, and any alleged liability of Harvey be reduced accordingly.

**Sixth Affirmative Defense**

**(Lack of Materiality)**

160.    Any damages sustained by Harvey in connection with his securities claims against UE LLC are barred because any alleged misrepresentations or omissions in the Complaint were not material.

**Seventh Affirmative Defense**

**(No Loss Causation)**

161.    Harvey's securities claims are barred because any alleged misrepresentations or omissions in the Complaint did not cause and/or were not a material causal factor of Harvey's purported losses.

### Eighth Affirmative Defense

### (Bespeaks Caution)

162.   All relevant alleged misstatements and/or omissions in the Complaint were accompanied by disclosures such that they bespoke caution, and therefore, Harvey could not reasonably have relied on them.

### Ninth Affirmative Defense

### (Lack of Reliance)

163.   Harvey failed to rely on the alleged misstatements and/or omissions in the Complaint.

### Tenth Affirmative Defense

### (Failure to Mitigate)

164.   Harvey is barred from recovering any damages against UE LLC to the extent that Harvey failed to adequately mitigate any damages allegedly sustained as a result of the conduct as alleged in the Complaint.

### Eleventh Affirmative Defense

### (Acts or Omissions of Others)

165.   Harvey's claims against UE LLC are barred because the conduct complained of in the Complaint was caused by the acts or omissions of persons and/or entities other than UE LLC.

### Twelfth Affirmative Defense

### (Affirmative Defenses of Other Defendants)

166.   UE LLC hereby adopts and incorporates by reference any and all other affirmative defenses that are, have been, or will be asserted by any other defendant in this action, to the extent that such defense(s) may be applicable to UE LLC.

### Thirteenth Affirmative Defense

### (Additional Defenses)

167.   UE LLC reserves the right to amend or supplement its Answer, defenses, and all other pleadings, as permitted by law, and further reserves the right to assert any

and all additional defenses, cross-claims, counterclaims, and/or third party claims as permitted by law.

### PRAYER FOR RELIEF

WHEREFORE, UE LLC prays that this Court enter judgment as follows:

    1)    That Harvey take nothing and be granted no relief under the Complaint;

    2)    For judgment in favor of UE LLC;

    3)    For costs of suit incurred herein; and

    4)    For such other and further relief as this Court deems just and proper.

Dated:  August 10, 2009                    HOWREY LLP


                                           By: /s/ David M. Lisi
                                           David M. Lisi

                                           Attorneys for Defendant Ultimate
                                           Ears, LLC

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         )   ss.:
COUNTY OF ORANGE         )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 4 Park Plaza, Suite 1700, Irvine, CA 92614.

On August 10, 2009, I served on the interested parties in said action the within:

**DEFENDANT ULTIMATE EARS, LLC'S ANSWER TO COMPLAINT**

by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list and causing such envelope(s) to be deposited in the U.S. Mail at Irvine, California.

[X]  (CM/ECF SERVICE) Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on August 10, 2009, at Irvine, California.

_____        _____
          Shawn Beem
      (Type or print name)                         (Signature)

1

## SERVICE LIST

2

*Jerry Harvey, et al. v. Ultimate Ears, LLC, et al./*Case No.  8:09-cv-00668-DOC-MLG

3

4

### ATTORNEYS FOR PLAINTIFF, JERRY HARVEY, JR.

5

| | |
|---|---|
| Craig J. Mariam<br>**Gordon and Rees**<br>633 West 5th Street, Suite 4900<br>Los Angeles, CA  90071<br>Tel.:  213/576-5000<br>Fax:  213/680-4470<br>Email:  cmariam@gordonrees.com | J. Scott Burris<br>**Gibson Lowry Burris LLP**<br>7201 West Lake Mead Blvd., Suite 503<br>Las Vegas, NV  89128<br>Tel.:  702/541-7892<br>Fax:  702/541-7899<br>Email:  sburris@gibsonlawry.com |
| Jodi Donetta Lowry<br>**Clary Gibson Lowry LLP**<br>7201 West Lake Mead Blvd., Suite 503<br>Las Vegas, NV  89128<br>Tel.:  702/309-0784<br>Fax:  702/382-7277<br>Email:  jdlowry@gibsonlowry.com | Steven A. Gibson<br>**Gibson Lowry Burris LLP**<br>7201 West Lake Mead Blvd., Suite 503<br>Las Vegas, NV  89128<br>Tel.:  702/541-8200<br>Fax:  702/541-7899<br>Email:  sgibson@gibsonlowry.com |

6

7

8

9

10

11

12

13

14

### ATTORNEYS FOR DEFENDANTS

15

16

**UE INVESTMENT LLC, a California limited-liability company; INNOVATE PARTNERS, INC., a California corporation; UE TWO LLC, a California limited-liability company; and ROBERT G. ALLISON, an individual**

17

| | |
|---|---|
| Michael D. Adams<br>**Rutan & Tucker LLP**<br>611 Anton Boulevard, 14th Floor<br>Costa Mesa, CA 92626-1931<br>Tel.:  714/641-5100<br>Fax:  714/546-9035<br>Email:  madams@rutan.com | Steven J. Goon<br>**Rutan & Tucker LLP**<br>611 Anton Blvd., 14th Floor<br>Costa Mesa, CA  92626-1931<br>Tel.:  714/641-5100<br>Fax:  714/546-9035<br>Email:  sgoon@rutan.com |

18

19

20

21

22

23

24

25

26

27

28